THE STATE OF OHIO, APPELLEE, *v.* LEPLEY, APPELLANT.

(No. 1390—Decided June 19, 1985.)

*Jill R. Heck,* prosecuting attorney, for appellee.

*Morris H. Laatsch,* for appellant.

GEORGE, P.J. Defendant-appellant, William Lepley, appeals a sentence of eighteen months in Mansfield Reformatory for violation of R.C. 2921.34, escape, a fourth degree felony. This court affirms.

On March 20, 1984, defendant was sentenced to one-hundred-eighty days in jail after pleading guilty to a reduced charge of unauthorized use of a motor vehicle, R.C. 2913.03(A). All but fifteen days were suspended and defendant was placed on probation upon condition that he pay court costs totalling $794.68. Defendant did not pay the court costs and was serving the sentence on a work release program when he simply did not return to jail on July 7, 1984. He pleaded guilty to the escape charge and was given the maximum penalty of eighteen months in the reformatory. The trial court ordered the two sentences to be served concurrently, as provided by R.C. 2929.41(A).

Defendant assigns as error:

"1. The trial court committed error prejudicial to the defendant when it took into consideration, in imposing the most severe sentence of imprisonment possible, the failure of the defendant to comply with a term of probation, imposed in an earlier case where that term of probation violated the defendant's right to equal protection of the laws under the U.S. Constitution Fourteenth Amendment.

"2. The trial court committed error, prejudical to the defendant in imposing a sentence of 18 months incarceration upon the defendant."

Defendant did not appeal his conviction on the charge of unauthorized use of a motor vehicle. Yet he now asserts that making payment of the court costs a condition of probation in that case violated his constitutional right to equal protection of the law and that the trial court should not be allowed to take defendant's failure to pay those costs into consideration in imposing sentence on the escape charge.

The proper remedy for alleged errors or irregularities in sentencing, as well as in trial proceedings, is by appeal. *In re Copley* (1972), 29 Ohio St. 2d 35 [58 O.O.2d 98]. To allow defendant to challenge the validity of the conditions of his probation now would, in effect, permit a circumvention of appellate rules requiring that an appeal be taken within thirty days. Moreover, if defendant at any time felt the condition was unfair, he could have petitioned the court to modify the terms for payment.

Defendant then complains that the sentence imposed was too severe under the circumstances. But the imposition of a sentence within the limits authorized by the statute rests in the discretion of the trial court. *Toledo* v. *Reasonover* (1965), 5 Ohio St. 2d 22 [34 O.O.2d 13]. The record shows the trial court took a number of factors into consideration prior to issuing the maximum sentence on the escape charge. The court had the assistance of a presentence investigation report, as well as observation of defendant's prior behavior. The court could properly consider failure to pay court costs in the prior case as relative to character and attitude toward society and the law. This court can find no abuse of discretion in the sentence imposed.

For the above reasons, defendant's assignments of error are overruled. The conviction is affirmed.

*Judgment affirmed.*

QUILLIN and BAIRD, JJ., concur.