MEMORANDUM DECISION
On October 15, 1997, defendant-appellant, Jonathan Mark Thompson, pleaded guilty to providing false information in violation of R.C. 4513.361, a first degree misdemeanor. The trial court sentenced appellant to one hundred eighty days incarceration, credited him eleven days, and suspended the remaining one hundred sixty-nine days of appellant's sentence, provided no convictions for two years and appellant to pay costs as ordered.
When appellant did not pay court costs as required, the court issued an order for his arrest on December 11, 1997. Appellant was arrested December 27, 1998. A hearing was held on January 8, 1999. Appellant's attorney questioned the legality of making court costs a condition of appellant's probation and of jailing appellant for his failure to pay costs. Alternatively, the attorney asked the court to consider appellant's thirteen days in jail sufficient punishment. The court found that appellant "has been in contempt" for failing to pay costs, an "explicit condition" of his sentence, and states that the hearing was an opportunity for appellant to purge himself of such contempt. (January 8, 1999 hearing, p. 5.) Because appellant had not been transported from the jail for the hearing, the court then continued the hearing to January 11, 1999.
At the January 11th hearing, appellant submitted an affidavit of indigency. Appellant's attorney again noted his objection to enforcement of court costs by arrest. The court proceeded to suspend the court costs and release appellant. The January 11th entry provides that the revocation hearing is terminated and costs suspended.
Appellant appealed the January 11th entry and presents the following assignment of error for review:
 The trial court committed reversible error and deprived Appellant of due process of law by finding Appellant in contempt for non-payment of court costs.
The present appeal raises two preliminary issues: First, whether the matter appealed was a contempt proceeding. Second, whether the issue presented is properly before this court.
Although appellant interprets the trial court decision as finding him in contempt, the record does not support such a conclusion. The order-in entry indicates that it is for a "provided no convictions" hearing based on appellant's failure to pay costs as required. At the January 11th hearing, the court identifies the matter as a revocation hearing. (January 11, 1999 hearing transcript, p. 2) Finally, after the hearing, the court terminated the revocation hearing. Although the court did state at the January 8th hearing that he found appellant in contempt, in light of the absence of a judgment entry finding appellant in contempt and in consideration of the above facts, this court finds that the trial court did not hold appellant in contempt.
Appellant's primary purpose in filing the present appeal is to contest the legality of his arrest and incarceration for failure to pay court costs. Appellant identifies the issue to be whether a trial court can incarcerate a defendant solely for non-payment of court costs and asserts that this practice violates Section 15, Article I of the Ohio Constitution which prohibits imprisoning any person for debt in any civil action except in cases of fraud. Appellee contends that presuming costs are a proper condition of probation, when a probationer is imprisoned for failure to pay costs, they are not being imprisoned for debt within the meaning of Section 15, Article I of the Ohio Constitution, but for violating a term of probation. Thus, if costs may legally be made a condition of probation, then failure to pay costs warrants revocation of probation and imprisonment.
Unfortunately, the issue of whether costs may be a condition of probation is not properly before this court. The October 15, 1997 entry suspending appellant's sentence and placing him on probation, provided no convictions for two years and that he pay court costs was a final appealable order. R.C. 2951.10. Consequently, appellant needed to appeal the condition of probation that he pay costs within thirty days of the entry of the 1997 judgment, and his failure to do so prevents consideration of the matter in the present appeal. State v. Lepley (1985),24 Ohio App.3d 237, 238; State v. Frambach
(Mar. 24, 1993), Lorain App. No. 92CA005395, unreported.
Appellant's appeal is dismissed.
Appeal dismissed.
KENNEDY and BRYANT, JJ., concur.