OPINION
Appellant Norman Ackison, a.k.a. King Curly Ackison, appeals the judgment of the Court of Common Pleas, Fairfield County, which revoked his probation. The relevant facts leading to this appeal are as follows. On July 7, 1992, appellant pled no contest to five counts of gross sexual imposition, and was thereupon found guilty on all five counts. In an entry filed on July 8, 1992, the trial court sentenced appellant to a total of eight years in prison under the first four counts, and for a period of four to ten years as to count five. Appellant was granted probation, as to count five only, for a period of five years. Appellant filed an appeal of the entry of the sentence, but we dismissed said appeal for want of prosecution on November 12, 1992. In the meantime, appellant commenced his prison sentence as ordered. On September 8, 1997, following sexual predator proceedings, an "addendum to terms of probation" was filed with the trial court, signed by appellant, his probation officer, and Judge Luse. The addendum reads as follows: I. NORMAN ACKISON, JR., do hereby acknowledge that, as an additional term of my probation and because it is in my own best interests, I am not to enter Fairfield County, Ohio, except for the express purposes of reporting to my probation officer and attending any hearings or proceedings ordered by the Court. I also agree and acknowledge that it is in my best interests to stay completely away from Spring Street in Lancaster, Ohio, and any other location in Lancaster or Fairfield County where the victims or families of victims in my case may reside; therefore, when entering Fairfield County, Ohio, for the above purposes I shall travel Route 33 to Main Street in Lancaster, Ohio, and leave using the same route in reverse.
On August 18, 1998, the state filed motion to revoke appellant's probation. The revocation hearing was held on September 28 and December 15, 1998. On January 14, 1999, the trial court rendered in entry revoking probation and ordering appellant to serve four to ten years incarceration. Appellant filed a notice of appeal on February 16, 1999; however, we later dismissed said appeal for want of prosecution. Upon approval from this Court to reopen the appeal on April 3, 2000, appellant submits the following four Assignments of Error for our review:
 I. APPELLANT WAS DENIED DUE PROCESS WHEN HE WAS FOUND TO BE A PROBATION VIOLATOR FOR CONDITIONS OF PROBATION THAT WERE NOT AUTHORIZED BY THE LAW OR CONSTITUTION.
 II. THE TRIAL COURT ERRED IN FINDING APPELLANT TO BE A PROBATION VIOLATOR FOR VIOLATING THE CONDITION OF PROBATION THAT HE MAINTAIN GOOD BEHAVIOR, CONDUCT HIMSELF IN A PROPER MANNER AT ALL TIMES AND OBEY THE LAWS OF THE STATE OF OHIO AND OF UNITED STATES.
 III. THE TRIAL COURT ACTED WITHOUT AUTHORITY TO IMPOSE ADDITIONAL CONDITIONS OF PROBATION UPON MR. ACKISON AFTER EXECUTION OF THE FINAL JUDGMENT.
 IV. APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF OHIO AND FEDERAL CONSTITUTIONAL RIGHTS, WHEN TRIAL COUNSEL FAILED TO OBJECT TO THE IMPOSITION OF UNCONSTITUTIONAL AND UNLAWFUL PROBATION CONDITIONS, CONDITIONS WHOSE VIOLATIONS FORMED THE BASIS OF APPELLANT'S REVOCATION.
 I, III, IV
Appellant's First, Third, and Fourth Assignments of Error all center on the probation addendum of September 8, 1997, either as to the purported errors in the granting and/or judicial recognition of the additional probation conditions, or as to the alleged ineffective assistance of trial counsel in failing to raise the issue at the revocation hearing. It is established under Ohio law that once a valid sentence has been executed, a trial court no longer has the power to modify the sentence except as provided by the General Assembly. State v. Addison (1987), 40 Ohio App.3d 7, syllabus; State v. Boone (Feb. 3, 1995), Greene App. No. 94-CA-61, unreported. However, the 1997 addendum to probation is filed in the court record in markedly similar form to an agreed entry, and is signed by the trial court judge; yet appellant raised no challenge to the addendum probation agreement until after his probation revocation was sought by the state. In State v. Payne (Dec. 20, 1999), Delaware App. Nos. 99CAA05024, et seq., unreported, an appellant sought to challenge in several cases his restitution and court cost orders , some of which were intertwined with the conditions of probation. We held: Moreover, the opportune time for appealing the particulars of the five sentencing entries for reasons of inability to pay was at the time they were rendered. As noted by the Ninth District Court of Appeals, "[t]he proper remedy for alleged errors or irregularities in sentencing, as well as in trial proceedings, is by appeal. [Citation omitted]. To allow defendant to challenge the validity of the conditions of his probation now would, in effect, permit a circumvention of appellate rules requiring that an appeal be taken within thirty days. * * * " State v. Lepley (1985), 24 Ohio App.3d 237, 238,495 N.E.2d 40.
Id. at 4.
Appellant's position thus implies an ongoing right to challenge, via appeal, a court-approved and agreed-to sentencing alteration any time a defendant is found to have violated the probation conditions of the sentence, even if years after the fact. This type of argument was handily addressed by the Ninth District Court of Appeals in an appeal by an adjudicated juvenile offender upon his probation revocation: [Appellant] Vinson has cited no authority for his position that the March 1996 adjudication and the April 1996 disposition were not final and appealable until he was sentenced in August 1996 for violating his probation. According to his theory, no sentence that includes probation can ever be a final, appealable order until the probation period ends or the defendant violates the terms of the probation. Not only would this extend the time for appeal in some cases for years after sentence has been imposed, but it would place the finality of such trial court judgments under the control of the defendants. Such a result would be absurd.
In re: Vinson, (Nov. 5, 1997) Summit App. No. 1812, unreported, at 4.
Therefore, we hold that appellant's present attempt to challenge the validity of the 1997 probation alteration is without merit. Likewise, we are unpersuaded by his assertion that he was denied the effective assistance of counsel at his revocation hearing. The standard for reviewing claims for ineffective assistance of counsel was set forth in Strickland v. Washington (1984), 466 U.S. 668, 104 S.Ct. 2052,80 L.Ed.2d 674. Ohio adopted this standard in the case of State v. Bradley (1989),42 Ohio St.3d 136, 538 N.E.2d 373. These cases require a two-prong analysis in reviewing a claim for ineffective assistance of counsel. In the first prong, we must determine whether counsel's performance fell below an objective standard of reasonable representation and was violative of any of his essential duties to the client. Given our determination that a challenge to the 1997 probation addendum would have been untimely during the format of the proceedings sub judice, we find no violation of trial counsel's essential duties to appellant, and therefore find no merit in appellant's claim of ineffective assistance. Appellant's First, Third, and Fourth Assignments of Error are overruled.
 II.
In his Second Assignment of Error, appellant challenges the trial court's finding that he failed to maintain good behavior and to obey the law, in violation of his probation conditions. The level of evidence required to support a revocation of probation is evidence of a substantial and competent nature. State v. Mingua (1974),42 Ohio App.2d 35, 40. Furthermore, the evidence of a substantial nature must establish that the failure to abide by the terms of the probation was willful or intentional. See State v. Scott (1982), 6 Ohio App.3d 39
at 42. The trial court rendered an extensive memorandum of decision citing its findings supporting revocation. The court found, inter alia, that appellant had improperly entered into Fairfield County, that he had violated the travel restrictions per the aforementioned 1997 addendum, and that two minors, one of them a previous victim of appellant, had observed appellant in the Spring Street neighborhood of Lancaster several times during the summer of 1998. The court further recounted the testimony of a former neighbor of appellant, who had observed young persons, one of them appearing to be in her teens, knocking on appellant's apartment door and looking for him. The neighbor also specifically saw appellant in the company of a teenage boy with no other adult around, despite appellant's probation prohibition against visiting minors without supervision. Memorandum of Decision, January 11, 1999, at 3-5. A search warrant also resulted in the discovery of pornographic materials, photographs of children, and a nude photograph of a young woman, purportedly a hitchhiker, taken by appellant in his apartment. The aforecited documents and findings, which are supported by the record, constitute substantial evidence which establish a willful failure by appellant to adhere to the conditions of his probation. We therefore hold that the revocation of probation was proper under the evidence presented. Appellant's Second Assignment of Error is overruled.
For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Fairfield County, Ohio, is hereby affirmed.
Wise, J. Gwin, P.J., and Hoffman, J., concur.