DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a sentence imposed by the Wood County Court of Common Pleas. The court imposed two four-year sentences on appellant, to run concurrently, for violation of community control sanctions. Because this court is without jurisdiction this appeal is dismissed.
 {¶ 2} On January 24, 2000, appellant was charged with three counts of sexual battery under R.C. 2907.03, which are third degree felonies. On February 7, 2000, appellant pled guilty to all three Counts. In exchange for appellant's plea the prosecution agreed to recommend a three-year prison term on one Count, and concurrent five-year terms of community control sanctions, to be served consecutively to the three-year prison term, on the remaining two Counts. On March 20, 2000, the court imposed the recommended sentence. Appellant was informed that should he violate his community control sanctions he would be sent back to prison for the two four-year prison terms, to be served concurrently.
 {¶ 3} In March of 2003, upon appellant's release from prison he began his community control. In May and July 2003, the State filed petitions to revoke his community control and impose the four-year prison terms on each Count. On August 18, 2003, the court found appellant in violation of his community control, revoked it, and sentenced appellant to two four-year prison terms to be served concurrently. Appellant does not challenge that he did in fact violate his community control. Instead, appellant challenges the original imposition of community control in 2000 as contrary to law.
 {¶ 4} Appellant assigns the following error:
 {¶ 5} "The trial court had no authority to violate Mr. Komlosy's community control because the portion of the sentence imposing community control on him was contrary to law."
 {¶ 6} Appellee asserts that this court is without jurisdiction to hear a challenge to appellant's year 2000 sentence for lack of timely filing appeal under App.R. 4(A). SeeState v. Fisher, 11th Dist. No. 2003-L-194, 2004-Ohio-1706, at ¶ 10. Appellant counters that he is not appealing the 2000 sentence, but instead is merely appealing the 2003 sentence for violation of the community control sanctions imposed in 2000. That the instant appeal is predicated on the propriety of the 2000 sentence, appellant posits, is not fatal because the community control sanctions imposed in 2000 could not have been appealed until appellant was subsequently sentenced for violation of those sanctions. See State v. Ogle, 6th Dist. No. WD-01-040, 2002-Ohio-860, at ¶ 27.
 {¶ 7} Ogle followed a string of case law in finding that "appeal[s] * * * challenging potential periods of incarceration for violation of community control sanctions * * * [are] not ripe until an actual sentencing order imposes a prison term for the violation of community control sanctions." Id. at ¶ 15-16.Ogle would apply here if appellant was challenging the two four-year prison terms attached to the community control sanctions imposed in 2000.
 {¶ 8} Instead, appellant challenges the actual community control sanctions because their imposition was "inconsistent" with the three-year prison term. See State v. Comer,99 Ohio St.3d 463, 2003-Ohio-4165, at ¶ 21 ("Consistency and proportionality are hallmarks of the new sentencing law."). Each of the three Counts were identical. The factors that made the offenses more serious and that made recidivism more likely were identical for
 {¶ 9} each of the three Counts. Thus, appellant argues that the sentence on all three Counts should be identical and concludes that he cannot now serve prison terms for violation of community control sanctions that should have never been imposed in the first place.
 {¶ 10} In other words, appellant is not challenging what were merely potential prison terms in 2000 regarding the imposition of community control sanctions, but is challenging the sanctions themselves for Counts 2 and 3 as "inconsistent" with the prison term in Count 1. Because appellant is challenging the imposition of the community control sanctions along with the original three-year prison term in 2000, and not the then potential sentences, this court is now without jurisdiction to hear this appeal. This court cannot reach the merits of appellant's assignment of error.
 {¶ 11} On consideration whereof, this court finds that the appeal must be dismissed for want of jurisdiction. Appellant is ordered to pay the costs of this appeal.
Appeal Dismissed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, P.J., Lanzinger, J. Singer, J., Concur.