OPINION
{¶ 1} This timely appeal comes on for consideration upon the record in the trial court and the parties' briefs. Appellant Larese Jones appeals the judgment of the trial court sentencing him to the maximum prison term for violating a condition of probation. Because the trial court failed to notify Jones of the specific prison term he would receive at the initial sentencing hearing, Jones' sentence is vacated and this cause is remanded to the trial court for resentencing
 {¶ 2} On April 2, 1999, Jones was indicted on one count of aggravated robbery and one count of kidnapping with both counts carrying a firearm specification. Jones was arraigned and pled not guilty. Pursuant to a Crim. R. 11 Agreement, the State amended the first count to robbery and dismissed the kidnapping charge and firearm specifications. In exchange, Jones pled guilty to robbery. On July 11, 2002, the trial court imposed a three year sentence of community control on Jones. At that time, the trial court advised Jones that if he violated his community control, he could be sentenced to up to 5 years in prison. On November 5, 2003, the State filed a motion to revoke Jones' community control as he tested positive for opiates. Jones stipulated to the violation and was found guilty. The trial court then imposed a five year maximum sentence on Jones.
 {¶ 3} As it is dispositive of this appeal, we will first address Jones' second assignment of error, which asserts:
 {¶ 4} "Imposition of a prison term for a probation violation when the trial court lacked authority to impose a term of incarceration as a result of the trial court's failure to comply with Ohio Revised Code § 2929.19(B)(5) violated Appellant's rights guaranteed by the United States Const. AmendU.S. Constitution Amend. V and XIV; Ohio Const. Art. I §§ 1, 2, and16."
 {¶ 5} The Ohio Supreme Court has recently dealt with this very issue in State v. Brooks, 103 Ohio St.3d 134,2004-Ohio-4746. In Brooks, a decision rendered after the imposition of sentence in this case, the Supreme Court squarely resolved the issue of what a trial court should inform a defendant of at the original sentencing hearing regarding the sentence he could receive if he were to violate community control: the maximum term, the range of prison terms, or a specific prison term. The Supreme Court concluded the latter, holding:
 {¶ 6} "Having established that the statutory scheme envisions the sentencing hearing itself as the time when the notification must be given, we next consider what language the trial court should use. By choosing the word `specific' in R.C. 2929.19(B)(5) to describe the notification that a trial judge must give when sentencing an offender to community control, the General Assembly has made clear that the judge shall, in straightforward and affirmative language, inform the offender at the sentencing hearing that the trial court will impose a definite term of imprisonment of a fixed number of months or years, such as `twelve months' incarceration,' if the conditions are violated. To comply with the literal terms of the statute, the judge should not simply notify the offender that if the community control conditions are violated, he or she will receive `the maximum,' or a range, such as `six to twelve months,' or some other indefinite term, such as `up to 12 months.' The judge is required to notify the offender of the `specific' term the offender faces for violating community control." Id at ¶ 19.
 {¶ 7} In the present case, the trial court stated with regard to the ramifications of a violation:
 {¶ 8} "And should you violate while you are on probation, do you understand that I could send you to the penitentiary for five years?"
 {¶ 9} The court later remarked:
 {¶ 10} "If you violate any time during the three years, I have to send you to the penitentiary and I will."
 {¶ 11} This does not comply with the Ohio Supreme Court's recent mandate that a trial court notify the defendant of the specific prison term that will be imposed if a violation occurs. Thus, Jones' sentence must be vacated and remanded for resentencing. However, pursuant to the Supreme Court's holding inBrooks,
 {¶ 12} "When a trial court makes an error in sentencing a defendant, the usual procedure is for an appellate court to remand to the trial court for resentencing. See R.C. 2953.08(G);Comer, 99 Ohio St.3d 463, 2003-Ohio-4165, 793 N.E.2d 473, at ¶ 10, 23, 27. In community control sentencing cases in which the trial court failed to comply with R.C. 2929.19(B)(5), however, a straight remand can cause problems. Due to the particular nature of community control, any error in notification cannot be rectified by `renotifying' the offender. When an offender violates community control conditions and that offender was not properly notified of the specific term that would be imposed, an after-the-fact reimposition of community control would totally frustrate the purpose behind R.C. 2929.19(B)(5) notification, which is to make the offender aware before a violation of the specific prison term that he or she will face for a violation. Consequently, where no such notification was supplied, and the offender then appeals after a prison term is imposed under R.C. 2929.15(B), the matter must be remanded to the trial court for a resentencing under that provision with a prison term not an option." Id. at ¶ 33.
 {¶ 13} Accordingly, on remand Jones may only be sentenced to community control and may not now be sentenced to a prison term.
 {¶ 14} As his first and third assignments of error, Jones claims in order:
 {¶ 15} "The trial court abused its discretion by imposing the maximum sentence without making the necessary factual findings as required by Ohio Rev. Code § 2929.14(B) (C) in violation ofU.S. Constitution Amend. V and XIV; Ohio Const. Art. I §§ 1, 2, and 16."
 {¶ 16} "The trial court denied Appellant's Due Process Rights as guaranteed by the United States Const. Amend, V and XIV; Ohio Const. Art. I §§ 1, 2, and 16 in failing to allow Appellant the right to allocution mandated by Criminal Rule 32."
 {¶ 17} In light of our resolution of Jones' second assignment of error which requires a remand for resentencing, we need not reach the merits of these assigned errors. We do note that the case law is clear with regard to a defendant's right to allocution at sentencing. State v. Campbell, 90 Ohio St.3d 320,2000-Ohio-183.
 {¶ 18} We conclude the trial court erred by imposing a maximum sentence because it did not notify Jones of the specific prison term he would receive for a probation violation at the initial sentencing hearing. Accordingly, Jones' sentence is vacated and this cause is remanded to the trial court for resentencing consistent with Brooks.
Waite, P.J., concurs, Vukovich, J., concurs.