OPINION
{¶ 1} Appellant Andrea L. Willis appeals from the decision of the Court of Common Pleas, Fairfield County, which terminated her community control and imposed a term of imprisonment. The relevant facts leading to this appeal are as follows.
 {¶ 2} On December 19, 2003, appellant was indicted on one count of illegal assembly or possession of chemicals for the manufacture of drugs, R.C. 2925.041, a felony of the third degree. Following a bench trial on March 16, 2004, appellant was found guilty as charged. In a judgment entry filed April 19, 2004, appellant was sentenced to a term of community control of five years, subject to supervision by the Fairfield County Adult Probation Department.
 {¶ 3} On March 8, 2005, the State filed a motion to revoke appellant's community control. The motion alleged that Andrea: (1) had failed to maintain regular employment, (2) associated with persons of bad reputation, (3) possessed or used drugs without a prescription, and (4) failed to comply with orders from her counselor. The matter came on for hearing on April 11, 2005. The sole witness was Angel Hartley of the Fairfield County Adult Probation Department.
 {¶ 4} On April 12, 2005, via a judgment entry, the court revoked appellant's community control, and ordered into execution a three-year prison sentence. She thereafter timely appealed, and herein raises the following three Assignments of Error:
 {¶ 5} "I. THE TRIAL COURT ERRED WHEN IT ALLOWED THE STATE TO PRESENT EVIDENCE IN VIOLATION OF APPELLANT'S DUE PROCESS RIGHT TO CONFRONT WITNESSES.
 {¶ 6} "II. THE TRIAL COURT ERRED WHEN IT IMPOSED A SUSPENDED PRISON SENTENCE BASED ON APPELLANT'S UNDERLYING OFFENSE.
 {¶ 7} "III. THE TRIAL COURT ERRED WHEN IT IMPOSED A PRISON SENTENCE WITHOUT OBSERVING STRICT COMPLIANCE WITH THE NOTICE PROVISIONS OF R.C. 2929.19(B)(5).
 I. {¶ 8} In her First Assignment of Error, appellant contends the trial court erroneously permitted the presentation of evidence at the revocation hearing which violated her right to confront witnesses. We disagree.
 {¶ 9} The decision whether to revoke an offender's probation or community control sanction is left to the sound discretion of the trial court, and absent an abuse of that discretion, the decision of the trial court will not be reversed. State v.McKnight (1983), 10 Ohio App.3d 312, 313, 462 N.E.2d 441. Because a revocation hearing is not a criminal trial, the State only has to introduce evidence showing that it was more probable than not that the person on probation or community control violated the terms or conditions of the same. See State v.Stockdale (Sept. 26, 1997), Lake App. No. 96-L-172.
 {¶ 10} The rules of evidence, including hearsay rules, are expressly inapplicable to a revocation hearing. Evid.R. 101(C)(3). The rationale for this exception is that a trial court should be able to consider any reliable and relevant evidence indicating whether the probationer has violated the terms of probation, since a probation or community control revocation hearing is an informal proceeding, not a criminal trial.Columbus v. Bickel (1991), 77 Ohio App.3d 26, 36,601 N.E.2d 61, citing State v. Miller (1975), 42 Ohio St.2d 102, 106,326 N.E.2d 259. However, in Gagnon v. Scarpelli (1973),411 U.S. 778, 786, 93 S.Ct. 1756, 36 L.Ed.2d 656, the United States Supreme Court held that the due process requirements ofMorrissey v. Brewer (1972), 408 U.S. 471, 92 S.Ct. 2593,33 L.Ed.2d 484, with regard to parole violation hearings, were applicable to probation revocation proceedings. The minimal due process requirements for final revocation hearings include:
 {¶ 11} "`(a) [W]ritten notice of the claimed violations of (probation or) parole; (b) disclosure to the (probationer or) parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a "neutral and detached" hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and (f) a written statement by the factfinders as to the evidence relied on and reasons for revoking (probation or) parole.'" Id., citing Morrissey, supra, at 489.
 {¶ 12} The confrontation right at issue in revocation cases does not arise by virtue of the substantive provisions of the Sixth Amendment, but is rather a procedural protection guaranteed by the Fourteenth Amendment. Columbus v. Lacy (1988),46 Ohio App.3d 161, 546 N.E.2d 161, citing Morrissey, supra, at 477-480.
 {¶ 13} In the case sub judice, Probation Officer Hartley testified that appellant was unsuccessfully terminated from a recovery and counseling program at the Mid Ohio Valley Fellowship Home on October 15, 2004. This testimony was based on a telephone call and faxed report she had received from the Fellowship. Tr. at 8. The faxed report was later submitted as a State's Exhibit, over appellant's counsel's objection. Tr. at 11. Hartley also testified from the faxed report that appellant and another female had signed out of the facility, as permitted, in order to get something to eat. A staff member, suspicious of the activity, followed them for a time and noticed that appellant's vehicle ended up at the residence of Michael Foreman, a felony parolee and male resident at the Mid Ohio Valley program. Tr. at 12-13.
 {¶ 14} Hartley also testified, over appellant's objection, that appellant was given a urine screen by another officer on February 22, 2005, and tested positive for cocaine. Tr. at 18. A form containing appellant's purported signature, agreeing that the test was positive, was also admitted as a State's Exhibit. Tr. at 22.
 {¶ 15} At a probation revocation hearing, due process requires the direct testimony of the probation officer who prepared the defendant's statement of probation violation unless the record shows good cause for the officer's absence from the hearing. Lacy, supra, at paragraph one of the syllabus. However, Ohio courts have recognized that "harmless error" analysis applies to a claim of confrontation right violations. See, e.g., State v. Davis, Cuyahoga App. No. 85477,2005-Ohio-5544, ¶ 29, citing Delaware v. Van Arsdall,475 U.S. 673, 684, 106 S.Ct. 1431, 89 L.Ed.2d 674. Thus, where a defendant's admissions are sufficient by themselves to prove a violation of conditions of probation, it is harmless error even if some of the evidence admitted by the trial court was impermissible. See State v. Stephens (May 28, 1999), Huron App. No. H-98-045.
 {¶ 16} The record in the case sub judice further reveals that appellant admitted to Hartley that she had been visiting the home of Mr. Foreman during her treatment period. Tr. at 28-29. Appellant also admitted to Hartley that she had used cocaine, as well as Oxycontin without a prescription. Tr. at 23. Hartley also testified that appellant had never provided proof of employment to her. Tr. at 7. These were all clear violations of her community control provisions. Therefore, even if the trial court committed a due process violation at the revocation hearing by allowing the State's Exhibits and testimony therefrom as to the urine screen and appellant's release from the treatment program, we conclude the alleged error was harmless for purposes of our review.
 {¶ 17} Accordingly, appellant's First Assignment of Error is overruled.
 II. {¶ 18} In her Second Assignment of Error, appellant argues the trial court lacked statutory authority to issue a suspended sentence conditioned upon a successful completion of community control.
 {¶ 19} The judgment entry of sentence in this matter, filed April 19, 2004, ordered appellant to serve five years community control; a three-year prison term was ordered to be served if appellant were to violate community control. Appellant, citingState v. Corbin (1999), 131 Ohio App.3d 239, 243, contends that following the enactment of Senate Bill 2 in 1996, trial court may not "suspend" sentences on the condition of probation in felony cases.
 {¶ 20} Appellant did not appeal from her original conviction and sentence. We are cognizant that appeals challenging potential periods of incarceration for violation of community control sanctions are not ripe until an actual sentencing order imposes a prison term for the violation of community control sanctions. SeeState v. Komlosy, Wood App. No. WD-03-064, 2004-Ohio-5403, ¶ 7, citing State v. Ogle, Wood App. No. WD-01-040, 2002-Ohio-860, at ¶ 15. However, in the case sub judice, appellant is alleging a fundamental flaw under S.B. 2 in her original sentence, as opposed to merely contesting the length of her prison term for violating community control. As such, we find we lack appellate jurisdiction over appellant's present assigned error. See Statev. Baker (2002), 152 Ohio App.3d 138, 143, 787 N.E.2d 17, (stating "[i]f appellant disagreed with the trial court's original judgment which imposed a prison term and then suspended sentence, he should have filed a direct appeal of the original sentencing order.") Cf., also, State v. Ackison (Dec. 22, 2000), Fairfield App. No. 99 CA 8, discretionary appeal not allowed (2001), 91 Ohio St.3d 1493, 745 N.E.2d 439.
 {¶ 21} Appellant's Second Assignment of Error is overruled as untimely.
 III. {¶ 22} In her Third Assignment of Error, appellant maintains the court erred by imposing a sentence which lacked compliance with the notice provisions of R.C. 2929.19(B)(5). We disagree.
 {¶ 23} R.C. 2929.19(B)(5) reads as follows: "If the sentencing court determines at the sentencing hearing that a community control sanction should be imposed and the court is not prohibited from imposing a community control sanction, the court shall impose a community control sanction. The court shall notify the offender that, if the conditions of the sanction are violated, if the offender commits a violation of any law, or if the offender leaves this state without the permission of the court or the offender's probation officer, the court may impose a longer time under the same sanction, may impose a more restrictive sanction, or may impose a prison term on the offender and shall indicate the specific prison term that may be imposed as a sanction for the violation, as selected by the court from the range of prison terms for the offense pursuant to section2929.14 of the Revised Code."
 {¶ 24} Pursuant to R.C. 2929.19(B)(5) and 2929.15(B), a trial court sentencing an offender to a community control sanction must, at the time of the sentencing, notify the offender of the specific prison term that may be imposed for a violation of the conditions of the sanction, as a prerequisite to imposing a prison term on the offender for a subsequent violation. State v.Brooks, 103 Ohio St.3d 134, 814 N.E.2d 837, 2004-Ohio-4746, paragraph two of the syllabus.
 {¶ 25} During the original sentencing of appellant in 2004, the trial court warned her that "violation of your community control, including this total sobriety order, could cause your community control to be revoked and you serve the balance of the term of imprisonment in a penal institution; in other words, the balance of whatever is left on the three-year sentence." Tr., April 12, 2004, at 15. Appellant specifically contends that this warning, "when read together with the trial court's pronouncement of a suspended sentence," is insufficient under Ohio law. Appellant's Brief at 13. However, as the State notes, the appellate caselaw cited by appellant is distinguishable from the case sub judice. In State v. Johnson, Lucas App. No. L-04-1120, 2005-Ohio-319, the court told the defendant that if he violated his community control he would "probably find [himself] in prison, okay?" In State v. Jones, Mahoning App. No. 03 MA 260,2004-Ohio-6809, the court told the defendant that if he violated community control, the court "could send you to the penitentiary for five years."
 {¶ 26} Upon review of the record, we conclude under the facts and circumstances of this case that the trial court, as mandated by Brooks, supra, specifically put appellant on notice of the time she would spend in prison if her community control should be revoked.
 {¶ 27} Appellant's Third Assignment of Error is therefore overruled.
 {¶ 28} For the foregoing reasons, the judgment of the Court of Common Pleas of Fairfield County, Ohio, is hereby affirmed.
Boggins, P.J., and Gwin, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Fairfield County, Ohio, is affirmed.
Costs to appellant.