DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Wood County Court of Common Pleas, where, after appellant, Paul F. Lohmeyer, violated one of the conditions imposed as part of a community control sanction, the court sentenced appellant to 17 months in prison. Appellant appeals his sentence and asserts the following assignments of error: Appellant's assignments of error read:
 {¶ 2} "The trial court erred to the prejudice of appellant by imposing a sentence contrary to law and provisions of O.R.C.2929.15(B)(5).
 {¶ 3} "The trial court erred to the prejudice of appellant by imposing a prison sentence contrary to law and provisions of O.R.C. 2929.14."
 {¶ 4} On December 11, 2003, appellant entered, pursuant toNorth Carolina v. Alford (1970), 400 U.S. 25, a guilty plea to a charge of aggravated assault, a violation of R.C. 2903.12, a felony of the fourth degree. On January 28, 2004, (and in an amended judgment filed on January 29, 2004) the court sentenced appellant to three years of community control and imposed a number of conditions as part of this sentence.
 {¶ 5} On August 18, 2004, appellee, the state of Ohio, filed a petition seeking the revocation of appellant's of community control. After holding a hearing on the state's petition, the trial court found that appellant was no longer amenable to community control and sentenced him to the aforementioned 17 months in prison.
 {¶ 6} In his first assignment of error, appellant maintains that the trial judge could not impose a 17 month sentence because he failed to comply with the requirements of R.C. 2929.15(B) and2929.19(B)(5).
 {¶ 7} R.C. 2929.15(B) provides, in material part:
 {¶ 8} "If the conditions of a community control sanction are violated * * * the sentencing court * * * may impose a prison term on the offender pursuant to 2929.14 of the Revised Code. * * * The prison term, if any, * * * shall be within the range of prison terms available for the offense for which the sanction for the violation was imposed and shall not exceed the prison term specified in the notice provided to the offender at the sentencing hearing pursuant to division (B)(3) of Section 2929.19
of the Revised Code."
 {¶ 9} When an offender is placed on community control, R.C.2929.19(B)(5) requires a trial court to notify an offender that if one of the community control sanctions is violated that the court may, among other options, "impose a prison term on the offender" and must "indicate the specific prison term that may be imposed * * * as selected from the range of prison terms for the offense pursuant to 2929.14 of the Revised Code."
 {¶ 10} In State v. Brooks, 103 Ohio St.3d 134,2004-Ohio-4746, the Ohio Supreme Court read the foregoing statutory sections together and determined that, at the original sentencing hearing, a court must notify a defendant placed on community control of the specific prison term that may be imposed for a violation of a community control sanction "as a prerequisite to imposing a prison term on the offender for a subsequent violation." Id. at paragraphs one and two of the syllabus. In making this finding, the Brooks court held that a trial judge, using straightforward and affirmative language, must "inform the offender at the sentencing hearing that the court will impose a definite term of imprisonment for a fixed number of months or years" if a community control sanction is violated. Id. at ¶ 19. An indefinite term, such as "up to 12 years," or a range of possible prison terms is insufficient. Id.
 {¶ 11} In the present case, a reading of the original sentencing transcript discloses that the trial court told appellant that if he violated any of the conditions set upon his community control, he was "facing up to eighteen months in prison." As a result, the notification given to appellant concerning the sentence that he would receive if he violated a condition of community control was clearly insufficient, and appellant's first assignment of error is found well-taken. Accordingly, the trial court's judgment must be reversed, and this cause must be remanded for the purpose of resentencing only. Id. at ¶ 33. We note, however, that due to the fact that appellant did not receive notice of a specific prison term prior to his violation, the option of a prison sentence is no longer available to the trial court on that remand. Id.
 {¶ 12} Our disposition of appellant's first assignment of error renders appellant's second assignment of error moot, and, as such, it will not be considered by this court.
 {¶ 13} The judgment of the Wood County Court of Common Pleas is reversed. This matter is remanded to the trial court for a new sentencing hearing. The state is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Wood County.
Judgment Reversed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, J. Singer, P.J. Parish, J. concur.