OPINION
{¶ 1} Defendant-appellant Joseph D. Hines appeals the September 9, 2005 Judgment Entry entered by the Ashland County Court of Common Pleas. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE CASE AND FACTS {¶ 2} On February 22, 2005, the Ashland County Grand Jury indicted appellant, Joseph D. Hines, on one count of nonsupport of dependants, a felony of the fifth degree in violation of R.C.2919.21(A) (2). On June 9, 2005, appellant pled guilty to the charge. By judgment entry filed September 9, 2005, the trial court sentenced appellant to five years of community control and community control sanctions, including a term of 180 days in the Ashland County Jail, and successful completion of a residential substance abuse program. The trial court reserved a prison term of eleven months if appellant should violate the terms of his community control sanctions.
 {¶ 3} It is from this sentence that appellant has filed the instant appeal, raising as his sole assignment of error the following:
 {¶ 4} "I. THE RESERVATION OF A PRISON SENTENCE LONGER THAN THE MINIMUM SENTENCE FOR A POSSIBLE FUTURE VIOLATION OF COMMUNITY CONTROL SANCTIONS IS UNCONSTITUTIONAL IN THIS CASE".
 I. {¶ 5} In his sole assignment of error, appellant argues, in essence, that the trial court's reservation of a prison term in excess of the minimum term within the sentencing range for the degree of the offense is unconstitutional pursuant to UnitedStates v. Booker (2005), 543 U.S. 220, 125 S.Ct. 738, andBlakely v. Washington (2004), 542 U.S. 296, 124 S.Ct. 2531. The State argues that we should overrule this assignment because it is not presently "ripe" for review since appellant has not been sentenced to a prison term for a violation of the conditions of his community control and this assignment may be rendered moot if appellant continues to meet the requirements of his community control. For the reasons which follow we find appellant's assignment of error is ripe for review.
 {¶ 6} In State v. Brooks, 103 Ohio St.3d 134,2004-Ohio-4746, 814 N.E.2d 837, the Ohio Supreme Court held that pursuant to R.C. 2929.19(B) and 2929.15(B), a trial court sentencing an offender to community-control sanctions must, at the time of the sentencing, notify the offender of the specific prison term it may impose for violations of the conditions of the sanction as a prerequisite to imposing a prison term on the offender for a subsequent violation of the conditions.
 {¶ 7} In State v. Fraley, 105 Ohio St.3d 13,2004-Ohio-7110, 821 N.E.2d 995, the Supreme Court held that the notification requirement in R.C. 2929.19(B) is intended to put the offender on notice of the specific prison term the offender faces if he or she violates the conditions of community control. The trial court must conduct a second sentencing hearing following the community-control violation and at that time must comply with all relevant sentencing statutes. Id.
 {¶ 8} The relevant sentencing law is now controlled by the Ohio Supreme Court's decision in State v. Foster, i.e. " * * * trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." 109 Ohio St.3d 1, 30,2006-Ohio-856 at ¶ 100, 845 N.E.2d 470, 498.
 {¶ 9} Accordingly, if appellant violates his community control sanctions, the trial court must conduct a second sentencing hearing following the community-control violation and at that time comply with the decision in Foster. Thus at the time of the second sentencing hearing appellant could be sentenced to a term of incarceration either less than, but not more then, the eleven month term that the court advised at the original sentencing hearing in September, 2005 because the trial court has full discretion to impose a prison sentence within the statutory range and is no longer required to make findings or give reasons for imposing maximum, consecutive, or more than the minimum sentences.
 {¶ 10} In the case at bar, appellant is arguing that the trial court could not reserve an eleven month sentence because that sentence required judicial fact-finding to exceed the sentence allowed simply as a result of a conviction or plea. In other words, the appellant's challenge is that the sentencing provisions are unconstitutional.
 {¶ 11} We recognize some confusion may persist as to the proper time to file appeals of this nature where community control is part of a defendant's sentence. This Court, in two pre-S.B. 2 cases, cited State v. Lepley (1985),24 Ohio App.3d 237, 238, to conclude that the opportune time for appealing the validity of the conditions of probation is at the time of original sentencing. See State v. Payne (Dec. 20, 1999), Delaware App. Nos. 99CAA05024, 99CAA05025, 99CAA05026, 99CAA05027, 99CAA05028; State v. Ackison (Dec. 22, 2000), Fairfield App. No. 99 CA 8. More recently, in a post-S.B. 2 case, we concluded that an alleged "fundamental flaw under S.B. 2" should likewise be appealed from the original sentence. SeeState v. Willis, Fairfield App. No. 05 CA 42, 2005-Ohio-6947, ¶20.
 {¶ 12} However, in State v. Miller (Dec. 30, 1999), Tuscarawas App. No. 1999 AP 02 0010, wherein the defendant, appealing from a revocation of community control, contended the trial court had not originally complied with O.R.C. 2929.19(B)(5) by failing to "indicate the specific prison term that may be imposed as a sanction for the violation" of community control, we reasoned as follows in finding the appeal timely: "[W]hen an individual such as, appellant is placed on community control, the sentencing is merely postponed until it is determined whether or not the individual has violated the terms, and conditions of his or her community control. Appellant then, therefore, could not have appealed his sentence from the court's [original sentencing] entry." Id. at f.n. 2.
 {¶ 13} In order to clarify this issue, we herein hold that aBlakely or Foster challenge to a sentence which includes a community control sanction represents an allegation of a "fundamental flaw" in the sentencing process. Willis, supra. Therefore, a defendant must raise such a challenge in an appeal from the original sentencing entry, rather than by appealing from a subsequent revocation entry. In the interest of justice, this decision will not be applied retroactively to individuals who were placed on community control prior to the date of this opinion.
 {¶ 14} Turning now to the merits of appellant's assignment of error we note that in Foster the Court found, in relevant part, the provisions addressing "more than the minimum" sentence for offenders who have not previously served a prison term pursuant to R.C. 2929.14(B) required the sentencing court to make findings beyond those facts found by a jury or admitted by an accused. Id. at ¶ 61. The Court found this provision to be unconstitutional. However, the Ohio Supreme Court in Foster found that the offending provisions of the sentencing law are severable. The Court concluded that after severing those provisions judicial fact-finding is not required before a prison term can be imposed within the basic ranges of R.C. 2929.14(A) based upon a jury verdict or admission of the defendant, or before imposition of consecutive prison terms. Id. at paragraphs 2 and 4 of the syllabus.
 {¶ 15} The Court in Foster, supra, provided the following instructions to the lower courts: "[t]hese cases and those pending on direct review must be remanded to trial courts for new sentencing hearings not inconsistent with this opinion. We do not order re-sentencing lightly. Although new sentencing hearings will impose significant time and resource demands on the trial courts within the counties, causing disruption while cases are pending on appeal, we must follow the dictates of the United States Supreme Court. Ohio's felony sentencing code must protect Sixth Amendment principles as they have been articulated.
 {¶ 16} "Under R.C. 2929.19 as it stands without (B) (2), the defendants are entitled to a new sentencing hearing although the parties may stipulate to the sentencing court acting on the record before it. Courts shall consider those portions of the sentencing code that are unaffected by today's decision and impose any sentence within the appropriate felony range. If an offender is sentenced to multiple prison terms, the court is not barred from requiring those terms to be served consecutively. While the defendants may argue for reductions in their sentences, nothing prevents the state from seeking greater penalties.United States v. DiFrancesco (1980), 449 U.S. 117, 134-136,101 S.Ct. 426, 66L.Ed.2d 328". Id. at ¶ 104-105.
 {¶ 17} Accordingly, the September 9, 2005 sentence is vacated and this case is remanded to the trial court for re-sentencing in light of the remedial severance and interpretation of Ohio's felony sentencing statutes as set forth in the Foster decision.
Gwin, J., Wise, P.J., and Edwards, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the September 9, 2005 sentence is vacated and this case is remanded to the trial court for resentencing in light of the remedial severance and interpretation of Ohio's felony sentencing statutes as set forth in the Foster decision. Costs to appellee.