OPINION
{¶ 1} Appellant George J. Gibson appeals his felony sentence in the Ashland County Court of Common Pleas. The relevant facts leading to this appeal are as follows.
 {¶ 2} On May 12, 2005, appellant pled guilty to theft from a disabled adult, R.C. 2913.02(A)(3), a felony of the fifth degree. On June 27, 2005, the court conducted a sentencing hearing. Appellant was sentenced to community control; the court also reserved a prison term of eight months should appellant violate the terms of his community control. A judgment entry of sentence was filed on June 30, 2005.
 {¶ 3} On July 27, 2005, appellant filed a notice of appeal. He herein raises the following sole Assignment of Error:
 {¶ 4} "I. THE RESERVATION OF A PRISON SENTENCE LONGER THAN THE MINIMUM SENTENCE FOR A POSSIBLE FUTURE VIOLATION OF COMMUNITY CONTROL SANCTIONS IS UNCONSTITUTIONAL IN THIS CASE.
 I. {¶ 5} In his sole Assignment of Error, appellant challenges his "more than minimum" felony sentence under Blakely v.Washington (2004), 542 U.S. 296, 124 S.Ct. 2531,159 L.Ed.2d 403.
 {¶ 6} In State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, the Ohio Supreme Court found certain provisions of Ohio's sentencing statute unconstitutional, in light of Blakely,
supra, because said provisions required judicial factfinding to exceed the sentence allowed simply as a result of a conviction or plea. These included the provision for a more than minimum sentence on offenders who have not previously served prison time, i.e., R.C. 2929.14(B).
 {¶ 7} To remedy Ohio's felony sentencing statutes, the Ohio Supreme Court severed the Blakely-offending portions that either create presumptive minimum or concurrent terms or require judicial factfinding to overcome the presumption. Foster at ¶ 97. The Court concluded "* * * that trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." Id. at ¶ 100.
 {¶ 8} We thus find appellant's sentencing is based upon at least one unconstitutional statutory provision now deemed void. We note the State has argued in its response brief that the issue before us is not ripe for appeal, as appellant's prison term was deferred by the trial court and appellant had not violated community control as of the time of the filing of the briefs.
 {¶ 9} A trial court sentencing an offender to a community control sanction must, at the time of the sentencing, notify the offender of the specific prison term that may be imposed for a violation of the conditions of the sanction, as a prerequisite to imposing a prison term on the offender for a subsequent violation. State v. Brooks, 103 Ohio St.3d 134, 814 N.E.2d 837,2004-Ohio-4746, paragraph two of the syllabus. Furthermore, one of the main issues in Foster was whether State v. Comer,99 Ohio St.3d 463, 793 N.E.2d 473, 2003-Ohio-4165, should remain good law. Comer, which the Ohio Supreme Court did ultimately abrogate in Foster, had required a trial court to provide statutory "findings and reasons" during the sentencing hearing itself. See, e.g., State v. Smith, Franklin App. No. 04AP-859,2005-Ohio-2560, ¶ 45, citing Comer at ¶ 20. Hence, we conclude a Foster challenge is timely in the present appeal, as appellant is challenging the validity of his actual sentencing hearing, despite the deferred and conditional prison term.
 {¶ 10} We recognize some confusion may persist as to the proper time to file appeals of this nature where community control is part of a defendant's sentence. This Court, in two pre-S.B. 2 cases, cited State v. Lepley (1985),24 Ohio App.3d 237, 238, to conclude that the opportune time for appealing the validity of the conditions of probation is at the time of original sentencing. See State v. Payne (Dec. 20, 1999), Delaware App. Nos. 99CAA05024, 99CAA05025, 99CAA05026, 99CAA05027, 99CAA05028; State v. Ackison (Dec. 22, 2000), Fairfield App. No. 99 CA 8. More recently, in a post-S.B. 2 case, we concluded that an alleged "fundamental flaw under S.B. 2" should likewise be appealed from the original sentence. See State v. Willis,
Fairfield App. No. 05 CA 42, 2005-Ohio-6947, ¶ 20.
 {¶ 11} However, in State v. Miller (Dec. 30, 1999), Tuscarawas App. No. 1999 AP 02 0010, wherein the defendant, appealing from a revocation of community control, contended the trial court had not originally complied with O.R.C. 2929.19(B)(5) by failing to "indicate the specific prison term that may be imposed as a sanction for the violation" of community control, we reasoned as follows in finding the appeal timely: "[W]hen an individual such as appellant is placed on community control, the sentencing is merely postponed until it is determined whether or not the individual has violated the terms and conditions of his or her community control. Appellant then, therefore, could not have appealed his sentence from the court's [original sentencing] entry." Id. at f.n. 2.
 {¶ 12} In order to clarify this issue, we herein hold that aBlakely or Foster challenge to a sentence which includes a community control sanction represents an allegation of a "fundamental flaw" in the sentencing process. Willis, supra. Therefore, a defendant must raise such a challenge in an appeal from the original sentencing entry, rather than by appealing from a subsequent revocation entry. In the interest of justice, this decision will not be applied retroactively to individuals who were placed on community control prior to the date of this opinion.
 {¶ 13} Therefore, we are persuaded under these circumstances to remand this matter to the trial court for a new sentencing hearing.
 {¶ 14} Appellant's sole Assignment of Error is sustained.
 {¶ 15} For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Ashland County, Ohio, is reversed in part and remanded for a new sentencing hearing.
Wise, P.J. Gwin, J., and Edwards, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Ashland County, Ohio, is reversed in part and remanded for further proceedings consistent with this opinion.
Costs to be split evenly between Appellant and the State of Ohio.