OPINION
{¶ 1} Appellant Luke A. Thompson appeals the imposition of his felony prison sentence upon a community control revocation. The relevant facts leading to this appeal are as follows.
 {¶ 2} On July 22, 2004, appellant was indicted on one count of theft by deception, a felony of the fifth degree. On October 8, 2004, appellant appeared before the court and entered a plea of guilty to the charge in the indictment. The court issued a sentencing entry on November 16, 2004, placing appellant on community control for three years, with the provision that he would serve a prison term of eleven months upon any violation of community control.
 {¶ 3} On January 30, 2006, appellant appeared before the court and admitted to violating community control via a misdemeanor conviction in the Cambridge Municipal Court, Guernsey County, and by consuming alcohol. The court thereupon imposed an eleven month prison sentence on appellant, ordering said sentence consecutive to his sentence in Guernsey County.
 {¶ 4} Appellant filed a notice of appeal on March 2, 2006. He herein raises the following sole Assignment of Error:
 {¶ 5} "I. THE COURT ERRED IN SENTENCING THE APPELLANT TO ELEVEN MONTHS IN PRISON CONTRARY TO STATE V. FOSTER, ___ OHIO ST.3D ___, 2006-OHIO-856.
 I. {¶ 6} In his sole Assignment of Error, appellant challenges his sentence in light of State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856. In Foster, the Ohio Supreme Court found certain provisions of Ohio's sentencing statute unconstitutional pursuant to Blakely v. Washington (2004), 542 U.S. 296, 124 S.Ct. 2531,159 L.Ed.2d 403, because said provisions required judicial factfinding to exceed the sentence allowed simply as a result of a conviction or plea. These included the provision for a more than minimum sentence under R.C. 2929.14(B). To remedy Ohio's felony sentencing statutes, the Ohio Supreme Court severed theBlakely-offending portions that either create presumptive minimum or concurrent terms or require judicial factfinding to overcome the presumption. Foster at ¶ 97. The Court concluded "* * * that trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." Id. at ¶ 100.
 {¶ 7} We thus find appellant's sentencing is based upon at least one unconstitutional statutory provision now deemed void. Therefore, we are persuaded under these circumstances to remand this matter to the trial court for a new sentencing hearing.[1]
 {¶ 8} Appellant's sole Assignment of Error is sustained.
 {¶ 9} For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Muskingum County, Ohio, is reversed and remanded for a new sentencing hearing.
By: Wise, P.J. and Farmer, J., concur. Hoffman, J., dissents.
[1] The State's brief implies that this Foster-based appeal is untimely, as the judgment entry under appeal "merely imposed the eleven month sentence that had been ordered." Appellee's Brief at 2. Although there is technical merit in the State's responsive argument, in State v. Gibson, Ashland App. No. 05-COA-32, 2006-Ohio-4052, this Court announced it would not apply such a rule retroactively to individuals who were placed on community control prior to the date of that opinion.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Muskingum County, Ohio, is reversed and remanded for further proceedings consistent with this opinion.
Costs to Appellee State of Ohio.