OPINION
{¶ 1} Appellant, Tony A. Tabor ("appellant"), filed this appeal seeking reversal of a judgment by the Franklin County Court of Common Pleas imposing a prison sentence for a community control violation. For the reasons that follow, we affirm the trial court's judgment.
 {¶ 2} In case No. 05CR-2322, appellant was indicted on four counts: Counts One and Two alleged that appellant committed robbery in violation of R.C. 2911.02, with *Page 2 
Count One being charged as a second-degree felony and Count Two being charged as a third-degree felony. Counts Three and Four alleged that appellant failed to comply with an order or signal of a police officer in violation of R.C. 2921.331, with Count Three being charged as a third-degree felony and Count Four being charged as a fourth-degree felony.
 {¶ 3} Appellant pled guilty to Counts One and Three. The trial court sentenced him to a period not to exceed six months to be served at the Franklin County Community Based Correctional Facility, and also imposed five years of community control. At the sentencing hearing, the court informed appellant that:
 Under State versus Brooks I have to let you know you have seven years on Count One and four years on Count Three. Mr. Stead's right, they will be consecutive hanging over your head. You so much as spit on the sidewalk you'll be going. Do you understand?
In addition, in its sentencing entry, the court stated:
 After the imposition of Community Control, the Court pursuant to R.C. 2929.19(B)(4) notified the Defendant, orally and in writing, what could happen if he violates Community Control. The Court further indicated that if the Defendant violates Community Control he will receive a prison term of seven (7) years as to Count One and four (4) years as to Count Three.
(Emphasis sic.)
 {¶ 4} Subsequently, appellant was indicted in case No. 06CR-5342 on two counts of robbery and one count of receiving stolen property. Appellant agreed to plead guilty to the lesser included offense of theft on Count One, and the court imposed a sentence of one year of incarceration. At the hearing in which the court accepted appellant's plea in case No. 06CR-5342, appellant stipulated that he had violated the terms of his *Page 3 
community control in case No. 05CR-2322. In case No. 05CR-2322, the court imposed seven years of incarceration on Count One, and four years of incarceration on Count Three, with those sentences to be served concurrently with the one-year sentence imposed in case No. 06CR-5342. Although the court noted that the seven-and four-year sentences imposed in case No. 05CR-2322 were to be served consecutively to each other, the court's sentencing entry states that they are to be served concurrently.
 {¶ 5} Appellant filed this appeal, alleging a single assignment of error:
 The Court of Common Pleas erred by imposing a prison sentence for a community control violation when, at the original sentencing hearing, it failed to notify appellant of the specific term that would be imposed in the event of such a violation pursuant to Ohio Revised Code § 2929.19(B)(5).
 {¶ 6} R.C. 2929.19(B)(5) provides that, if a trial court imposes a community control sanction as part of a criminal sanction:
 The court shall notify the offender that, if the conditions of the sanction are violated, if the offender commits a violation of any law, or if the offender leaves this state without the permission of the court or the offender's probation officer, the court may impose a longer time under the same sanction, may impose a more restrictive sanction, or may impose a prison term on the offender and shall indicate the specific prison term that may be imposed as a sanction for the violation, as selected by the court from the range of prison terms for the offense * * *.
(Emphasis added.)
 {¶ 7} The Ohio Supreme Court has held that the use of the word "specific" in R.C. 2929.19(B)(5) requires the sentencing court to inform the defendant, in straightforward and affirmative language, that the trial court will impose a fixed term of imprisonment if the terms of community control are violated. State v. Brooks, 103 Ohio St.3d 134,2004-Ohio-4746, *Page 4 814 N.E.2d 837. It is insufficient for purposes of R.C. 2929.19(B)(5) for the trial court to inform the defendant that the court will impose a maximum sentence, or will impose a sentence within a range of possible sentences, or to use any other indefinite words or phrases to describe the sentence the court will impose. Id. at 138. It is also insufficient for the court to provide the required notification in its journal entry, if the court has not complied with the requirement at the sentencing hearing. Id.
 {¶ 8} Appellant argues that the trial court's statement that "you have seven years on Count One and four years on Count Three * * * they will be consecutive hanging over your head" was not sufficiently definite for purposes of complying with R.C. 2929.19(B)(5). Appellant cites to a number of cases in which appellate courts applying Brooks have held that a trial court's statements regarding the sentence to be imposed for a violation of community control lacked sufficient definiteness such that the sentences were reversed. In each of the cases cited by appellant, the trial courts had used language that appeared to leave open the sentence that would be imposed by the court. State v. Lohmeyer, Wood App. No. WD-05-053, 2006-Ohio-2924 (defendant told he faced "up to 18 months" in prison); State v. Jones, Mahoning App. No. 03 MA 260,2004-Ohio-6809 (trial court told defendant "I could send you to the penitentiary for five years"); State v. Crabtree, Montgomery App. No. 20473, 2005-Ohio-927 (trial court told defendant he "could" impose maximum sentences if community control violated).
 {¶ 9} In this case, the words used by the trial court to describe the sentence to be imposed if appellant violated community control did not include a statement that the sentence would fall within a range of possible sentences, nor did it use any other indefinite words or phrases, such as identifying what sentence the court "could" impose. *Page 5 
The trial court's statement that "you have seven years on Count One and four years on Count Three" clearly communicated the court's intention to impose those sentences. Consequently, the trial court's statement regarding the sentence that would be imposed if appellant violated the conditions of his community control was in compliance with R.C.2929.19(B)(5).
 {¶ 10} Accordingly, we overrule appellant's assignment of error and affirm the judgment of the Franklin County Court of Common Pleas.
Judgment affirmed.
 BRYANT and McGRATH, JJ., concur. *Page 1