{¶ 22} I concur in the majority's disposition of Appellant's second and third assignments of error. While I do not disagree with the rationale of the majority, I would overrule both assignments of error as being res judicata for the reason set forth in my dissent in State v.Gibson, 2006-Ohio-4052.
 {¶ 23} I respectfully dissent from the majority's disposition of Appellant's first assignment of error. It is a fundamental tenet of appellate review that a trial court speaks through its judgment entry. As noted in the majority opinion, nunc pro tunc entries are limited in proper use to reflect what the court actually decided, not what the court might or should have decided or what the court intended to decide (Majority Opinion at paragraph 12, citing State ex rel. Fogle v.Steiner (1995), 74 Ohio St. 3d 158, 164. Although the trial court may have intended the possible sentence to be 36 months, its judgment entry reflected it actually decided on 17 months. I find changing the entry over six months later, after an alleged violation of probation, is an improper use of a nunc pro tunc entry. *Page 1